UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| SUE NOWELL, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:12-CV-00119 |
| | § | |
| SHERWIN ALUMINA COMPANY, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Before the Court is Defendants' Motion for Summary Judgment (D.E. 22). For the reasons set out below, the Motion is DENIED.

Jim Nowell passed away on February 7, 2010. D.E. 35, p. 2. Thereafter, Plaintiff Sue Nowell, his widow, made a claim for life insurance benefits pursuant to his employee benefits provided by Defendant Sherwin Alumina Co. and Sherwin Alumina Group Benefit Plan Voluntary Life Insurance Plan & Retiree Group Life Insurance Plan a/k/a The Sherwin Alumina Company Welfare Plan (Sherwin). Plaintiff received life insurance benefits in the amount of $10,000. Plaintiff contends that she is entitled to $210,000 in life insurance benefits and has filed this suit pursuant to the Employee Retirement Income Security Act (ERISA).

### A. Exhaustion of Administrative Remedies

As permitted under ERISA, Sherwin has pled that Plaintiff failed to exhaust administrative remedies and makes that affirmative defense the first basis of its Motion. Sherwin bears the burden of proof on this affirmative defense. *Metropolitan Life Ins. Co.*

*v. Price*, 501 F.3d 271, 280 (3d Cir. 2007); *Jakimas v. Hoffmann-La Roche, Inc.*, 485 F.3d 770, 782 (3d Cir. 2007) (summary judgment properly denied where moving party failed to meet burden of proving affirmative defense). Sherwin does not provide evidence of when Plaintiff's administrative remedies were triggered or when, if at all, they were foreclosed.

It is clear that Plaintiff and her attorneys have pursued their claim against Sherwin with letters beginning no later than May 24, 2011 and that Plaintiff had asserted her claim by which she received $10,000 prior to that time. D.E. 35, p. 2. While there is some question posed by the parties in this case as to what documents govern the life insurance benefit, Sherwin relies on a Hartford policy submitted at D.E. 22-8. Pursuant to the policy language, Plaintiff is entitled to a written denial of her claim and notice of her appeal rights. D.E. 22-8, p. 22. Sherwin has not provided evidence of any final determination of Plaintiff's claim or notice of appeal rights to support a claim that she has failed to exhaust her administrative remedies.

Sherwin's Motion for Summary Judgment (D.E. 22) is DENIED with respect to its affirmative defense of failure to exhaust administrative remedies.

### B. Negligent Misrepresentation

Correctly noting that there is no separate cause of action for "misrepresentation," Sherwin's Motion seeks summary judgment that Plaintiff has no right to relief under a cause of action for "negligent misrepresentation" because there is some evidence that its representations were consistent with Sherwin's position. In contrast, Plaintiff has submitted evidence, for instance, to indicate that there are disputed issues of material fact

regarding what documents govern the parties' relationship, what employment benefit materials were distributed to Jim Nowell, and what Sherwin's representative said in meetings that Plaintiff was privy to. Given the disputed issues of material fact, summary judgment is not appropriate. Fed. R. Civ. P. 56. The Court DENIES Sherwin's Motion with respect to Plaintiff's negligent misrepresentation claims.

### C. Breach of Fiduciary Duty

Sherwin cites *McCall v. Burlington Northern/Santa Fe Co.*, 237 F.3d 506, 512 (5th Cir. 2000) for the proposition that Plaintiff does not have a breach of fiduciary duty claim. The holding in *McCall* is that, if a Plaintiff is seeking only plan benefits, and the claim against the administrator is only about denial of properly owed benefits, the claim is not a breach of fiduciary duty claim. To the extent that Plaintiff seeks payment of benefits owed under the plan, it is a "denial of benefits" claim.

Plaintiff's Complaint, however, is not so limited. Plaintiff alleges that a plan administrator misrepresented the terms of the plan and induced Jim Nowell to elect retirement and benefit options that were detrimental to him and to Plaintiff based on those misrepresentations. D.E. 1-1, pp. 5-6.

> Providing information to beneficiaries about likely future plan benefits falls within ERISA's statutory definition of a fiduciary act. *Varity* [*Corp. v. Howe*, 516 U.S. 489, 502-03, 116 S.Ct. 1065, 134 L.Ed.2d 130 (1996)]. When an ERISA plan administrator speaks in its fiduciary capacity concerning a material aspect of the plan, it must speak truthfully. *Fischer v. Philadelphia Elec. Co.*, 96 F.3d 1533, 1538 (3d Cir. 1996)

*McCall, supra* at 510-11. Plaintiff has alleged a separate breach of fiduciary duty claim in addition to her denial of benefits claim.

Sherwin next argues that Plaintiff cannot establish a breach of fiduciary duty without pleading and proving harm to the plan, as opposed to harm to the individual, relying on *Massachusetts Mut. Life Ins. Co. v. Russell*, 473 U.S. 134 (1985) and *McDonald v. Provident Indem. Life Ins. Co.*, 60 F.3d 234, 237 (5th Cir. 1995), D.E. 22, p. 11. The Supreme Court considered this precise argument at length in *Varity*, 516 U.S. 507-15. The crux of the matter is the juxtaposition of the ERISA provision regarding civil enforcement remedies, 29 U.S.C. § 1132, against the provision defining a fiduciary duty, 29 U.S.C. § 1109.

The Supreme Court limited its holding in *Russell* to claims brought under 29 U.S.C. § 1132(a)(2), which specifically refers to 29 U.S.C. § 1109. In contrast, Plaintiff's claim is brought under 29 U.S.C. § 1132(a)(3). Under that subsection, the Supreme Court concluded, "harm to the plan" is not a required factor. *Varity, supra* at 516 U.S. at 515. Thus *Russell* and *McDonald* are of no benefit to Sherwin.

Sherwin has not demonstrated that Plaintiff's breach of fiduciary duty claim is barred as a matter of law. The Court DENIES Sherwin's Motion with respect to the breach of fiduciary duty claim.

**D. Estoppel**

The summary judgment evidence indicates that there are disputed issues of material fact on all elements of Plaintiff's claim of estoppel. Therefore, the Court DENIES Sherwin's Motion with respect to the claim of estoppel.

## CONCLUSION

For the reasons set out above, the Court DENIES the Defendants' Motion for Summary Judgment (D.E. 22) in its entirety.

ORDERED this 15th day of February, 2013.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE